Sylvester THOMAS, Plaintiff–
Appellant,

v.

Mike PRIEBE, et al., Defendants–
Appellees.

No. 10–2765.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 23, 2010.*

Decided Oct. 29, 2010.

Sylvester Thomas, Winnebago, WI, pro
se.

Before ILANA DIAMOND ROVNER,
Circuit Judge, TERENCE T. EVANS,
Circuit Judge, ANN CLAIRE
WILLIAMS, Circuit Judge.

## ORDER

Sylvester Thomas is civilly committed by
the State of Wisconsin as a sexually violent
person. *See* Wis. Stat. § 980. In this
action under 42 U.S.C. § 1983—one of five
lawsuits filed by Thomas in the past year
and by far the most frivolous—he contends
that an employee at the Wisconsin Re-
source Center refused to serve him ice
cream during an ice-cream social. His
complaint and its attachments disclose that
Thomas was turned away after he failed to
persuade the employee that his status as a
"Level B" patient did not disqualify him
from participating in the event, and al-
though nothing at all was said about race,
Thomas insists that the denial was moti-
vated by racial animus. Thomas attrib-
uted the same animus to administrators—
also named as defendants—who resolved
his grievance by concluding that the em-
ployee had simply made a mistake about
the eligibility criteria. The district court
screened the complaint and dismissed it
for failure to state a claim. *See* Fed.

---

* The appellees were never served with process
in the district court and are not participat-
ing in this appeal. After examining the ap-
pellant's brief and the record, we have con-

cluded that oral argument is unnecessary.
Accordingly, the appeal is submitted on the
appellant's brief and the record. *See* Fed.
R.App. P. 34(a)(2)(C).

R.Civ.P. 12(b)(6). We affirm the judgment.

In dismissing the complaint, the district court concluded that Thomas had not satisfied the minimal pleading burden of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Citing *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009), the court reasoned that the complaint is speculative and does not permit even a plausible inference that race motivated the employee's action. Thomas does not contest this conclusion on appeal, and that is reason enough to affirm the judgment. *See United States v. Blagojevich,* 612 F.3d 558, 560 (7th Cir.2010); *Landstrom v. Ill. Dep't of Children & Family Servs.,* 892 F.2d 670, 678 (7th Cir. 1990).

We have said in another context that "the concept of equal protection is trivialized when it is used to subject every decision made by a state or local government to constitutional review by federal courts." *Ind. State Teachers Ass'n v. Bd. of Sch. Comm'rs of the City of Indianapolis,* 101 F.3d 1179, 1181 (7th Cir.1996); *see also Sherwin Manor Nursing Ctr. v. McAuliffe,* 37 F.3d 1216, 1221 (7th Cir.1994). That proposition encapsulates this case. This appeal is frivolous, and we warned Thomas when he was last before us that he risked sanctions under Federal Rule of Appellate Procedure 38 if he persisted in pursuing frivolous litigation. *Thomas v. Van Hollen,* 387 Fed.Appx. 630 (7th Cir. 2010). We renew that warning here and trust he will heed it in the future.

AFFIRMED.